LILLIAN CLAWANS, TRADING AS THE ADDING & CALCULATING CO., PLAINTIFF-APPELLANT, v. HAHNE & CO., DEFENDANT-RESPONDENT.

Argued October 4, 1939—Decided October 16, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

For the appellant, *Ferdinand D. Masucci, Herbert A. Kuvin* and *Lillian Clawans, pro se.*

For the respondent, *Lum, Tamblyn & Fairlie* and *James Raymond Berry.*

PER CURIAM.

Plaintiff entered suit in the Essex County Circuit Court to recover a sum of money alleged to be due for work and services performed by plaintiff for defendant.

Suit was commenced July 3d, 1937, and a trial was had on November 15th and 16th, 1937, resulting in a disagreement of the jury. The case was retried on January 11th and 12th, 1938, resulting in a verdict for defendant.

There is no judgment contained in the record, but it is admitted that a judgment for defendant was duly entered on January 12th, 1938.

On February 24th, 1939, plaintiff filed a notice of appeal from the entire judgment and "trial court's order refusing a new trial." The Supreme Court, on May 8th, 1939, ordered the appeal dismissed for failure to appeal within time from the entry of judgment.

The matter argued before us had to do with the refusal of the trial judge to allow a rule to show cause why a new trial should not be granted. It is urged that in so refusing, there was an abuse of discretion on the part of the trial judge.

As stated, the trial occurred on January 11th and 12th, 1938. The application for a rule to show cause was noticed by plaintiff on February 17th, 1939, more than a year after trial. The affidavits in support of the application were, with the exception of one by plaintiff and one other, executed in the month of January, 1938, within a few weeks after the second trial. Plaintiff seeks a rule upon the ground that certain inventory sheets and records evidencing the amount of service rendered by plaintiff for defendant were not pro-

duced at the trial, in response to plaintiff's notice to produce same, although plaintiff asserts they were not destroyed as asserted by defendant, but were still in existence.

Passing the question of the materiality of the records, in view of plaintiff's testimony as to the amount of service rendered by her, and the defense of payment by defendant of a sum agreed upon by plaintiff and defendant in full satisfaction, we think it does not appear that there was an abuse of discretion in the action of the trial judge in refusing a rule to show cause.

The case was originally tried in November, 1937, at which time demand for production of the records was made by plaintiff and defendant asserted that production was impossible because the records were destroyed. Plaintiff took no steps to refute this claim, but several months after being advised that defendant would not produce the records called for because they had been destroyed, contented herself with another notice to produce, which she must have known would be likewise refused. The plaintiff does not show diligence in endeavoring to show that the records were in existence at the time of the trials of the cause. In view of the failure of plaintiff to make any efforts, so far as appears, to establish the existence of such records at the time of the first trial in order to procure them for use in the second trial, although production was not had at the first trial, it appears that there was such lack of diligence on the part of plaintiff as to warrant the trial judge fully in refusing the rule to show cause applied for. *Hoban* v. *Sandford & Stillman Co.*, 64 *N. J. L.* 426; *Christie* v. *Petrullo*, 101 *Id.* 492.

The defense was payment. We cannot say, in view of this defense, that the presence of the records would have altered the result.

Finding no evidence of an abuse of discretion on the part of the trial judge in refusing a rule to show cause, the appeal is dismissed, with costs.